UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ATILLA DILEK,

                Petitioner,

        v.

TOM RIDGE, Secretary of Homeland Security,
U.S. Department of Homeland Security, et al.

                Respondent.

**REPORT & RECOMMENDATION**
04-MC-46A(F)

---

APPEARANCES:     Law Officers of Mark T. Kenmore[1]
                        Law Offices of Mark T. Kenmore
                        107 Delaware Avenue, Suite 1620
                        Buffalo, NY 14202

                        Gail Y. Mitchell
                        Assistant United States Attorney
                        U.S. Attorney's Office
                        Western District of New York
                        Federal Centre
                        138 Delaware Avenue
                        Buffalo, NY 14202

## JURISDICTION

Petitioner, Atilla Dilek, by his attorney Mark Kenmore, filed a petition for a writ of mandamus asking the Court to compel respondents to issue a determination on his application to the Immigration and Naturalization Service ("INS")[2] to adjust his status to that

---

[1] The court notes that it is generally aware that petitioner's counsel, Mark T. Kenmore, has been ill and that it is not aware of the present status of Mr. Kenmore's representation of petitioner. As such, the court directs that the Clerk of the Court also serve a copy of this Report and Recommendation on petitioner, Atilla Dilek, at his last known address as it appears on the docket.

[2] As of March 1, 2003, the Immigration and Naturalization Service ("INS") was abolished and its functions transferred to the Department of Homeland Security ("DHS") pursuant to the Homeland Security Act of 2002, 116 Stat. 2135; Pub.L. 107-296, codified at 6 U.S.C. §101 et seq. The INS functions relevant here are now found in U.S. Customs and Immigration Services ("CIS").

of a lawful permanent resident. (Docket No. 1). Respondents filed a motion to dismiss the petition on the grounds of mootness, lack of subject matter jurisdiction under section 242(a)(2)(B)(I) of the Immigration and Nationality Act ("INA"), as amended, 8 U.S.C. § 1252(a)(2)(B)(I), and failure to state a claim. (Docket No. 5).

By order of the Hon. Richard J. Arcara, dated November 3, 2005, this matter was referred to the undersigned for all pre-trial matters and to hear and report upon dispositive motions for the consideration of the District Judge pursuant to 28 U.S.C. § 636(b)(1)(A), (B) and (C). (Docket No. 14). For the following reasons, the undersigned recommends that the petition be dismissed as moot.

## **BACKGROUND**

On January 30, 1996, Dilek, a native and citizen of Turkey, who had entered the United States as a visitor, filed an application with INS to adjust his status. (Docket No. 5, Declaration of M. Frances Holmes, sworn to December 1, 2004, ( "Holmes Decl."), ¶ 4). On November 18, 1998, Dilek appeared for an examination upon his application, at which he testified that he had been arrested and convicted by a military court in Turkey in 1981. (*Id.* at ¶¶ 7-8). The INS then proceeded with a lengthy investigation which respondent claims was further delayed by the events of September 11, 2001, and the changes in procedures and personnel caused by the transition of INS to the Department of Homeland Security. (*Id.* at ¶¶ 12-13). Petitioner filed the instant petition in August 2004, asking the Court to compel respondents to make a determination on his application.

On November 24, 2004, the District Director of CIS advised Dilek that CIS intended to deny his application and that he would have 30 days in which to furnish evidence in support of his application or in opposition to the grounds for denial set forth in the letter. (*Id.* at ¶ 11, and Exhibit A to Holmes Decl.).

On December 1, 2004, respondents filed the instant motion to dismiss. (Docket No. 5). Respondents contend that the letter advising Dilek that CIS intended to deny his application renders the instant petition for mandamus relief moot and that the district court lacks subject matter jurisdiction over the petition because § 242(g) to the Immigration and Naturalization Act ("INA"), 8 U.S.C. § 1252(g), provides that the Attorney General's authority to adjudicate such cases should not be disrupted. Specifically, Section 242(g) provides that "notwithstanding any other provision of law, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action of the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this Act." (Docket No. 5, Respondents' Memorandum of Law in Support of Motion to Dismiss the Petition, pp. 4-7).

Petitioner's counsel filed a reply to the motion opposing the motion on the grounds that, *inter alia*, the letter from the CIS did not, in fact, deny Dilek's application and that the court does not lack jurisdiction because if the application is denied Dilek would have an opportunity to seek review of said denial by an Immigration Judge. (Docket No. 9, Reply/Response, pp. 4-5). The reply also notes that the petition is not seeking a favorable ruling on the application but rather a ruling on the application. (*Id.* at 5).

Respondents' counsel then filed an affidavit in support of the motion, which attached a letter from the District Director of CIS, dated February 16, 2005, denying Dilek's

3

application for adjustment of status.  (Docket No. 10, Affidavit of Gail Mitchell, sworn to February 17, 2005, and Exhibit A–Denial Letter).[3]

## DISCUSSION

As noted, the instant petition seeks an order of mandamus compelling CIS to issue a determination on Dilek's application to adjust his status to that of lawful permanent resident.  Because Dilek's application has now been denied by CIS, the court finds that the petition is moot and, accordingly, recommends that the petition be dismissed as moot.  In light of the court's conclusion and recommendation that the petition is moot, the court need not reach the alternative bases of respondents' motion to dismiss of lack of jurisdiction and failure to state a claim for relief.

## CONCLUSION

Based on the foregoing, respondent's motion to dismiss should be GRANTED (Docket No. 5), and the petition DISMISSED as moot.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated:    July 25, 2007
             Buffalo, New York

---

[3]The application was denied on the ground that in order to be eligible for adjustment of status to lawful permanent resident pursuant to INA, Section 245, an alien must be admissible to the United States for permanent residence, and because of Dilek's prior conviction, albeit by a military court, in Turkey of a crime involving moral turpitude and for multiple criminal convictions, he was inadmissible.

Pursuant to 28 U.S.C. §636(b)(1), it is hereby

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within ten (10) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited*, 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Petitioner and Respondent.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:   July 25, 2007
         Buffalo, New York